I agree that this cause is due to be reversed and remanded; however, I disagree with the majority's holding that the doctrine of inconsistent positions applies in this case. As the majority says, "All of the limitations of the doctrine of inconsistent positions are not met in the present case." Why, then, does the majority go on to conclude that the doctrine applies? Rather than distort the law in an attempt to apply the doctrine regardless of the facts, which, in my opinion, hardly "protect[s] the integrity of the judicial process," this court should hold that, because all of the limitations of the doctrine of inconsistent positions are not met, the doctrine does not apply.
Even so, the evidence of Gargis' prior inconsistent position tends to prove that Gargis was not willing and able to perform the necessary functions of his job, as he now claims. I agree that to prevail on a retaliatory discharge claim, an employee must show that he is willing and able to perform the job from which he was discharged. Because the evidence in this case shows that Gargis was unable to perform his job, I agree that this cause should be reversed and remanded. Therefore, I concur specially. *Page 278